UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENARD TRUMAN POLK, | Case No. 3:12-cv-00433-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, et al.,, | |
| Defendants. | |

The Court dismissed this action for failure to state a claim upon which relief can be granted. Plaintiff has filed a motion for new trial or to vacate the judgment (dkt. no. 9). The Court denies the motion.

The Court will take plaintiff's arguments out of the order presented. First, regarding the dismissal of the State of Nevada, the Legislative Counsel Bureau, the Prison Commissioners Board, and the Nevada Pardons/Parole Board, plaintiff claims that the State of Nevada has waived its immunity pursuant to the Eleventh Amendment. Plaintiff is incorrect. "The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States." Nev. Rev. Stat. § 41.031(3). Furthermore, plaintiff's argument is irrelevant. As the Court already noted, states and agencies that are arms of the state are not "persons" within the meaning of 42 U.S.C. § 1983 and thus cannot be defendants in a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

1
2
3
4
5
6
7
8
9

Second, plaintiff argues that because the court has acknowledged that this is a personal injury action, the defendants are afforded no immunity. *See Lloyd v. Stone Harbor*, 432 A.2d 572 (N.J. Super. 1981).[1] The Court has not determined that this is a personal injury action. The Court noted that the state statute of limitations for personal injury actions also applies to civil rights actions pursuant to 42 U.S.C. § 1983. The use of the statute of limitations does not transmute an action under federal law into an action under state law. Under federal law, Mary Holthus and Lake Township enjoy absolute immunity from suit under § 1983 because they were acting in their prosecutorial and judicial capacities, respectively.

10
11
12
13
14
15
16
17
18
19

Third, plaintiff argues that the Court should not have determined that most of his allegations were untimely without first giving him an opportunity to respond. The Court has reviewed the allegations before page 26, paragraph 131 of the complaint (dkt. no. 7), keeping in mind that the remaining defendants are Pershing County, Clark County, and Las Vegas Township. The allegations before page 26, paragraph 131 suffer from the same defects that the Court noted at page 4 of its earlier order (dkt. no. 6). None of these allegations show any involvement by Pershing County, Clark County, or Las Vegas Township. Even if the allegations were not untimely, they do not relate to any of the remaining defendants. Plaintiff still would have failed to state a claim upon which relief can be granted.

20
21
22
23

Plaintiff has presented other arguments. Given that many of the defendants must be dismissed regardless of plaintiff's allegations, and given that plaintiff's allegations do not relate to the remaining defendants, plaintiff's other arguments are without merit.

24

///

---

[1] *Lloyd* did discuss <u>qualified</u> immunity from § 1983 actions. 432 A.2d at 582-83. The court engages in a qualified-immunity analysis for § 1983 defendants who are not absolutely immune from suit. Prosecutors, judges, and judicial employees acting as integral parts of the judicial process are absolutely immune from suit. The qualified-immunity analysis in *Lloyd* is not relevant to the defendants that this court has found to be absolutely immune.

1  IT IS THEREFORE ORDERED that plaintiff's motion for new trial or to vacate the
2  judgment (dkt. no. 9) is DENIED.

4  DATED THIS 12th day of December 2012.

  _____
  MIRANDA M. DU
  UNITED STATES DISTRICT JUDGE